IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VICKIE AUBREY                                                                                     PLAINTIFF

V.                                    NO. 4:17-CV-446 JLH

ZAMAM, LLC; and SYED HUSSAIN                                                          DEFENDANTS

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED AND SUBSTITUTED COMPLAINT**

Defendants, Zamam, LLC and Syed Hussain (Defendants), by and through their attorneys, CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., and for their Brief in Support of their Motion to Dismiss Plaintiff's First Amended and Substituted Complaint, state as follows:

**I. INTRODUCTION**

Plaintiff, after realizing that her claims against the Defendants were unfounded, amended her Complaint in a desperate attempt to survive dismissal under Rule 12 of the Federal Rules of Civil Procedure by now pleading, for the first time, a theory of successor liability. *Dkt. 14*. Desperation, however, is no basis to retain her meritless claims under the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA). As stated at length in Defendants' initial Motion to Dismiss and Brief in Support, which Defendants incorporate herein by reference (*Dkt. 11 & 12)*, both claims must be dismissed because, through a process administered by the U.S. Department of Labor (DOL), Plaintiff settled and forever waived her claims against Defendants for alleged unpaid overtime compensation. As such, Plaintiff's claims are moot, and the Court is without subject matter jurisdiction to hear this cause. Relatedly, the Complaint fails to state a claim upon which relief can be granted and it fails to join a party necessary to this action

1

pursuant to Rule 19 of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint.

## II. FACTUAL BACKGROUND

Zamam LLC is an Arkansas limited liability company that was formed on June 12, 2016. *Dkt.* 14, at ¶ 15, 30. Syed Hussain owns Zamam LLC. *Id.* at ¶ 21. Plaintiff Vickie Aubrey worked as an hourly gas station clerk for Defendant Zamam, until she voluntarily ended her employment in February 2017. *Id.* at ¶ 26. After Plaintiff ended her employment with Zamam, DOL initiated a wage and hour audit of Zamam's compensation practices. After conducting the audit, DOL determined that for the period of June 12, 2016 through February 26, 2017 (which, upon information and belief, involved a time period greater than Plaintiff's employment relationship with Zamam), Plaintiff was entitled to back wages in the total amount of $247.39. *See* Summary of Unpaid Wages (Form WH-56), attached to the initial Motion (*Dkt. 11*) as **Exhibit 1**. DOL also issued a Receipt for Payment of Back Wages, indicating the total amount of gross back wages due to Plaintiff in the amount of $247.39, to wit:

> I, Aubrey, Vickie, have received payment of wages, liquidated damages, employment benefits, or other compensation due to [Plaintiff] from Zamam LLC . . . for the period beginning with the workweek ending 06/12/2016 through the workweek ending 02/26/2017. The amount of the payment I received is shown below.
>
> This payment of wages and all other compensation was calculated or approved by the U.S. Department of Labor Wage and Hour Division (WHD) and is based on the findings of a WHD investigation.
> \*\*\*
> NOTICE TO EMPLOYEE: Your acceptance of this payment of wages and/or other compensation due under the Fair Labor Standards Act (FLSA) . . ., based on the findings of the WHD means that you have given up the right you have to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under Section 16(b) of the FLSA or Section 107 . . ..

231952

> \*\*\*
> **I understand that my signature on this receipt and waiver attests to the fact that I have actually received the payment in the amount indicated above of the wages, liquidated damages, or other compensation due to me, and that I waive my right to bring suit as described above, and covering the period set forth above.**

*See* Receipt for Payment of Back Wages, Liquidated Damages, Employment Benefits, or Other Compensation (Form WH-58), attached to the initial Motion (*Dkt. 11*) as **Exhibit 2** (emphasis in original). Thereafter, Plaintiff received, accepted, endorsed, and deposited Zamam's payment of $247.39. Check Image, attached to the initial Motion (*Dkt. 11*) as **Exhibit 3**.

Despite Plaintiff's waiver of her right to sue Defendants under the FLSA, Plaintiff filed her Complaint on July 11, 2017, and thereafter amended her Complaint on September 28, 2017. *Dkt. 14*. Now, Plaintiff alleges that another party—who has not been named as a party to this lawsuit—is responsible for her damages. Yet, Plaintiff has failed to bring that necessary and indispensable party into this lawsuit. For the reasons that follow, Plaintiff's Amended Complaint must be dismissed.

### III. LEGAL STANDARD

The speedy and efficient administration of justice requires that claims lacking merit be disposed of at the first appropriate opportunity. *Orlando v. Alamo*, 646 F.2d 1288, 1289 (8th Cir. 1981) (citing *Hungate v. U.S.*, 626 F.2d 60, 62 (8th Cir. 1980)). Dismissal under Rule 12 serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Young v. City of St. Charles, Missouri*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of claims over which the federal court lacks subject-matter jurisdiction. In addition, Article III, § 2 of the United States Constitution limits federal court jurisdiction to actual cases or controversies. *See Genesis*

231952

*Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). To invoke personal jurisdiction, a plaintiff must show that he has a personal stake in the outcome at all stages of the action. *Id.* at 71. "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' a[t] any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990) (internal quotation marks omitted)).

To survive this Motion to Dismiss under Rule 12(b)(6), the Court tests Plaintiff's Complaint to determine whether she has satisfied the federal pleading standard. Initially, Rule 8 requires each Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of this requirement is to "give the defendant[s] fair notice of what the . . . claim is **and** the grounds upon which it rests." *Vaughn v. Wells Fargo Bank, N.A.*, No. 5:17-CV-05027, 2017 WL 1498069, at *2 (W.D. Ark. Apr. 25, 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (emphasis added). Therefore, while courts accept *factual* allegations as true at the Motion to Dismiss stage—with only *reasonable* inferences drawn in Plaintiff's favor—the Complaint, at a minimum, "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, Rule 8's pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.*

231952

(quotations and citations omitted). Accordingly, the Court should dispense with wholly conclusory allegations or legal conclusions drawn from the facts alleged. *Clark v. Northland Grp., Inc.*, No. CIV. 14-606 PAM/JJG, 2014 WL 3828218, at *1 (D. Minn. Aug. 4, 2014) (citations omitted).

Rule 12(b)(7) permits a party to move to dismiss for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Importantly, Rule 19(c) imposes certain pleading requirements on a plaintiff who has failed to join a necessary party, by stating "the name, if known, of any person who is required to be joined if feasible but is not joined; and the reasons for not joining that person." FED. R. CIV. P. 19(c). Finally, when considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings. *Clark*, 2014 WL 3828218, at *1 (D. Minn. Aug. 4, 2014) (citing FED. R. CIV. P. 12(d)). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, and may also consider public records. *Id.* (citing *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003), and *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)). For the reasons that follow, this Court should dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(1), (6), and (7) of the Federal Rules of Civil Procedure.

Finally, when considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings. *Clark*, 2014 WL 3828218, at *1 (D. Minn. Aug. 4, 2014) (citing FED. R. CIV. P. 12(d)). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, and may also consider public records. *Id.* (citing *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003), and *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)). For the reasons that follow, this Court should dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(1), (6), and (7) of the Federal Rules of Civil Procedure.

231952

## IV. ARGUMENT

A. **Plaintiff's Claims are Moot and the Court Lacks Subject Matter Jurisdiction to Hear this Cause.**

Congress authorized the U.S. Secretary of Labor to recover back wages for employees through the settlement of cases pursuant to 29 U.S.C. § 216(c), which states in pertinent part:

> The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under [the FLSA] . . ., , and *the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have had . . . to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.*"

29 U.S.C. § 216(c) (emphasis added). It is well-accepted that, when an employee signs Form WH-58 and deposits a check for the amount determined by DOL to be due for back pay, the employee may not sue the employer for back wages under the FLSA for the time period specified on the Form WH-58. *See, e.g., Dent v. Cox Communications Las Vegas, Inc.*, 502 F.3d 1141 (9th Cir. 2007) (affirming dismissal of claims where employee signed Form WH-58, for time period specified on the Form). When the DOL plays a "significant role" in both the self-audit and payment of back wages, it has supervised the payment. *Niland v. Delta Recycling Corp.,* 377 F.3d 1244, 1247–48 (11th Cir. 2004); *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 538–39 (5th Cir. 1977).

Here, Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(1) because the issue of Plaintiff's wages has already been investigated by DOL and, under the authority and supervision of that government agency, Plaintiff voluntarily entered into a settlement of all of her FLSA claims, pursuant to Section 216(c), in exchange for a monetary payment that was

231952

determined by DOL. *See* Exhibits 2 & 3.[1] Therefore, all of Plaintiff's claims for alleged unpaid overtime have already been extinguished, to the extent that the Amended Complaint asserts claims against the named Defendants.

Importantly, while Plaintiff's Amended Complaint also alleges a cause of action under the AMWA, the Court should rule that those claims are preempted by the FLSA because they seek the exact relief, for the exact same reasons, arising under Plaintiff's FLSA claim. While the Eighth Circuit has not addressed the issue of FLSA preemption, a considerable number of federal courts have found that the FLSA preempts remedies that seek the *same* relief, or to enforce the *same* obligations, established by the FLSA. *See, e.g., Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191 (4th Cir. 2007) (dismissing North Carolina state claims as preempted by FLSA) (collecting cases). Those federal courts finding FLSA preemption have generally described Congress' FLSA enforcement scheme as "unusually elaborate," which, as noted in *Anderson*, signified Congress' intent to preempt the area of FLSA enforcement. *Id*. at 191. As the *Anderson* court held, "in the FLSA, Congress manifested a desire to exclusively define the private remedies available to redress violations of the statute's terms[,]" such that "Congress prescribed exclusive remedies in the FLSA for violations of its mandates . . .." *Id*. at 193–94 (citing *Kendall v. City of Chesapeake*, 174 F.3d 437 (4th Cir. 1999)). To allow additional remedies beyond the FLSA for duplicative state claims would serve as an obstacle to the enforcement of the FLSA. *Id*.

The remedies sought for Plaintiff's FLSA claim are exactly the same as those sought under her AMWA cause of action, which both relate to recovery for overtime compensation. To allow

---

[1] Plaintiff's Amended Complaint asserts that Plaintiff's son executed the DOL-provided settlement agreement on Plaintiff's behalf, and that Plaintiff accepted payment of her back wages determined to be due by DOL. Plaintiff's Amended Complaint does not make any allegations or claims that the settlement was not effective. *Dkt. 14*, at ¶ 47–50.

Plaintiff to pursue overtime violations through state law actions would afford Plaintiff benefits otherwise unavailable through the FLSA's enforcement scheme. Because Plaintiff has not sought any relief independent of the claim for overtime wages, her AMWA claim should be deemed to be preempted by the FLSA, and as such, it must be dismissed.

**B.      Plaintiff's Claims Should be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted.**

As previously stated in Defendants initial Motion, Plaintiff's claims should also be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In a wage claim, a complaint must do more than assert that an employer failed to pay overtime. *Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966, at *8 (W.D. Pa. Nov. 9, 2010). For instance, in *Mell*, an off-the-clock overtime suit, the Court stated that even if the court were to accept the plaintiffs' bald assertion as true that the defendant had a policy of failing to properly pay its employees, the plaintiffs must still assert factual allegations in support of their claims. *Id.* at * 7. The Court further noted that the plaintiffs:

- Failed to allege that the employer told the plaintiffs of a practice to work off-the-clock;
- Failed to allege when they were told they were required to work off the clock;
- Failed to allege what work was to be done off the clock;
- Failed to allege how the policy was imposed;
- Failed to allege approximately how many hours they worked without being paid;
- Failed to allege what the timekeeping practices were; and
- Failed to allege whether the plaintiffs had ever complained, and if so, what the company's response was thereto.

As such, the Court held that the *Mell* plaintiffs failed to properly allege a claim upon which relief could be granted given the sparsity in the actual factual predicate supporting their claims. *Id.*

8

231952

By analogy to *Mell*, Plaintiff's Amended Complaint insufficiently articulated claims under the FLSA and AMWA. For example, Plaintiff's Amended Complaint:

- Fails to assert her dates of employment, which is necessary in order to determine whether the claims are actionable under the FLSA and AMWA;
- Fails to allege approximately how many hours she worked without being paid;
- Fails to allege any information about her timekeeping practices;
- Fails to allege whether she ever complained to Defendants, and if so, their response; and
- Fails to even allege that Defendants had knowledge of her alleged overtime work.

As the court held in *Mell*, these failures render the Amended Complaint inadequate to state a claim upon which relief can be granted, and accordingly, Plaintiff's claims must be dismissed.

In a similar case from which an analogy can be drawn, *Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094 (S.D. Iowa 2008), the Court held that a minimum wage claim[2] under the FLSA did not state a claim upon which relief could be granted because the plaintiff failed to allege the number of hours that she supposedly worked each week. *Id.* at 1102 ("Here, Plaintiffs' Amended Complaint provides only generic, conclusory assertions of a right to relief under the FLSA minimum wage provisions. Indeed, the face of the Amended Complaint in this case fails to contain a single *factual* allegation that would permit an inference that even one member of the Plaintiffs' collective has 'a right to relief above the speculative level.'"); *see also Buck v. Lindsey Mgmt. Co.*, 2014 WL 3446779, at *4 (E.D. Ark. July 15, 2014) (addressing the requirement to

---

[2] The *Jones* case discussed the Court's inability to determine if the minimum wage requirement was satisfied when a complaint fails to allege the number of hours per week that an employee is alleging she worked. Similarly, in this case, it is impossible to determine if Plaintiff was owed any additional pay from the facts alleged, and certainly it is implausible to infer that Plaintiff was owed *any* overtime at all based on the singular conclusory statement that she "always or almost always worked" over forty hours per week. Dkt. 14, at ¶ 45.

9

plead actual or constructive knowledge of the employee's alleged work in excess of 40 hours in a workweek). For the reasons set forth herein, Plaintiff's Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

**C.      Plaintiff has Failed to Join a Necessary Party.**

Plaintiff's Amended Complaint now asserts that another unnamed party, to which Plaintiff refers to ambiguously as "Defendants' predecessor," *Dkt. 14*, at ¶ 27, is a responsible party in this action. Rule 12(b)(7) permits a party to move to dismiss for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). The first step in any Rule 19 analysis is to determine if the party in question is one that should be "joined if feasible" under Rule 19(a)(1), and if so, whether the joinder is feasible under 19(a)(2). *See Siewak v. AmSouth Bank*, No. 8:06CV927 T24EAJ, 2007 WL 141186, at *4–5 (M.D. Fla. Jan. 16, 2007); *Diamondback Timberlands, Inc. v. Morrison*, No. 5:06-CV-19(CAR), 2007 WL 1705684, at *2–3 (M.D. Ga. June 12, 2007). Under Rule 19(a)(1), a party should be joined if feasible where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). For example, where two or more parties are joint obligees, they are both necessary and indispensable parties in an action for enforcement of that obligation because otherwise disposing of the action may impair or impede the obligees' ability to protect their interests, or leave the parties subject to risk of incurring inconsistent obligations. *Harrell & Sumner Contracting Co. v. Peabody Petersen Co.*, 546 F.2d 1227, 1229 (5th Cir. 1977) (affirming

dismissal for failure to join indispensable party that was a joint venturer with the plaintiff). The same may be true with a joint employer and/or contractor in the employment context. *See EEOC v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus., Local No. 120*, 235 F.3d 244, 253–55 (6th Cir. 2000) (contractors were necessary parties under Rule 19(a) in case challenging union hiring hall practices because they were the entities employing members of the union and who were required to fill out the relevant paperwork, and failure to join them was necessary to avoid the imposition of inconsistent obligations on the parties and ensure complete relief); *Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 73–77 (S.D.N.Y. 2006) (joint employer was a necessary and indispensable party where it was that employer's compensation practices at issue). In *Mattera*, the plaintiff was challenging the chargeback of wages paid by the absent party—Capstar—which was at least a joint employer of the putative class members. 239 F.R.D. at 76. The court held that Capstar was a necessary party to be joined if feasible because "[i]t is difficult to see how Mattera could be accorded complete relief without Capstar, the entity that employs, and moreover, pays and makes the [allegedly illegal] charge backs to the wages of, members of the putative class." *Id.*

Moreover, where a plaintiff seeks declaratory or injunctive relief, this will often render a party necessary to be joined if feasible in order to afford complete relief and prevent inconsistent obligations. *English v. Seaboard Coast Line R. Co.*, 465 F.2d 43 (5th Cir. 1972) (where class of black employee sued seeking injunctive relief through modification of seniority system they alleged was racially discriminatory, white employee were necessary parties for joinder under Rule 19(a) because their seniority might be adversely affected should plaintiffs prevail).

Here, Plaintiff asserts that Defendants, who have already paid Plaintiff in connection with a DOL-administered settlement process for all back wages allegedly owed during the relevant time

11

231952

period, should be liable for the pay practices of Plaintiff's former employer. Plaintiff is of course aware of her former employer's identity but, contrary to the requirements of Rule 19(c), has failed to plead sufficient facts necessary to excuse her failure to join that entity as a party to this action. Defendants have no records of Plaintiffs compensation prior to its organization, and just as in *Mattera*, complete relief can not be afforded in the absence of an order against the very employer whose policies are at issue. The necessity of Plaintiff's former employer's presence is even stronger in this case because Plaintiff seeks declaratory and injunctive relief. Specifically, Plaintiff asks that the Court enter a declaratory judgment that the employment and compensation practices complained of are unlawful. *Dkt. 14*, at P. 8(A) ("WHEREFORE" paragraph). The entity that actually employed Plaintiff clearly has a substantial interest in the subject of this action, which seeks to declare its method of paying Plaintiff to be illegal. Indeed, disposing of this action in the former employer's absence may impair its ability to continue its current compensation policies and leaves Defendants and the former employer subject to a risk of inconsistent obligations. Accordingly, Plaintiff's former employer is a necessary party to be joined if feasible pursuant to Rule 19(a)(1).

Based on the facts pleaded in the Amended Complaint, it is not clear whether Plaintiff's former employer is subject to this Court's jurisdiction, and Plaintiff should be compelled, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to clarify this ambiguity. To the extent that joining any Plaintiff's former employer is not possible, this action must be dismissed for failing to join an indispensable party under Rules 12(b)(7) and 19(b). In *Mattera*, the court found that the absent employer—Capstar—qualified as an indispensable party under Rule 19(b) because it would be:

231952

> prejudiced if a judgment is rendered in this action in its absence, given that the complaint is directed toward Capstar's own compensation structure and policies. To allow this action to proceed without Capstar would also result in prejudice to Defendants, who risk double liability, or at minimum, duplicative litigation with respect to the same charge back policy at issue. Because of the preclusive impact of a judgment in favor of Mattera, the Court cannot shape its relief to ameliorate this prejudice.

239 F.R.D. at 76. Thus, the court granted the motion to dismiss for failure to join an indispensable party. *Id.* The same factors and outcome apply here. Plaintiff's former employer would be prejudiced if a judgment is rendered in its absence since the compensation policies at issue are alleged to be its policies, and any declaratory relief governing Plaintiff's compensation will necessarily directly affect her former employer. Nor is there any way to shape the relief to avoid this prejudice. Also, Defendants will be prejudiced by a judgment in the absence of the former employer as it will risk double liability, or at minimum duplicate litigation, particularly given the Plaintiff's prior settlement of her claims with the named Defendants. In addition, as a practical matter, to the extent that the former employer cannot be joined and is therefore also beyond this Court's subpoena power, Defendants will be prejudiced in attempting to defend themselves in the current litigation because all of the information as to Plaintiff's compensation prior to her employment with Defendants is in the hands of her former employer. Finally, there is an adequate remedy if this litigation is dismissed for nonjoinder as Plaintiff can pursue her own claims against the her former employers in locations in which personal jurisdiction would exist over that entity.

## V. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion to Dismiss Plaintiff's Amended Complaint with prejudice and that it award Defendants all other just and proper relief to which they may be entitled.

Respectfully submitted,

*/s/ Abtin Mehdizadegan*
Abtin Mehdizadegan, Ark. Bar No. 2013136
**CROSS. GUNTER, WITHERSPOON & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone: (501) 371-9999 | Fax: (501) 371-0035
abtin@cgwg.com

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, Abtin Mehdizadegan of Cross, Gunter, Witherspoon & Galchus, P.C., hereby certify that the foregoing was filed with the Court via the CM/ECF electronic filing system, and thus served upon all parties of record, on this 12th day of October, 2017:

Joshua Sanford
Lydia Hicks Hamlet
SANDFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 41
Little Rock, AR  72211

*/s/ Abtin Mehdizadegan*
Abtin Mehdizadegan

231952