**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

VICKIE AUBREY                                                                                                    PLAINTIFF

v.                                              No. 4:17CV00446 JLH

ZAMAM, LLC; and SYED HUSSAIN                                                           DEFENDANTS

**OPINION AND ORDER**

Vickie Aubrey brings this action against her former employers, Zamam, LLC, and Syed Hussain, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et. seq*. Aubrey alleges that she was required to work more than forty hours per week but was not paid a higher rate for those overtime hours. The defendants have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). For the following reasons, the motion is denied.

**I.**

The first amended and substituted complaint alleges the following facts. Document #14. The defendants operate a gas station retail business in Pope County, Arkansas. Zamam is a limited liability company registered to conduct business in Arkansas. Hussain, Zamam's registered agent, controlled day-to-day operations. Zamam had at least four employees at all times, at least two of whom were engaged in interstate commerce. Aubrey worked as a retail clerk at the gas station. Aubrey was likewise employed by the defendants' predecessor. The defendants took ownership of the gas station from the predecessor on or about June 12, 2016. Aubrey's compensation was not less than $455 per week nor more than $100,000 per year. Her primary duties were to process consumer transactions, stock shelves, and clean the store. These duties did not require knowledge gained from any professional education. Aubrey did not manage the business, supervise other employees, or train other employees. She was not involved in the hiring or firing of other employees.

The defendants knew that Aubrey "always or almost always" worked in excess of forty hours per week because they required her to do so, but they did not pay her a higher rate for the excess hours. Around February or March of 2017, the defendants presented Aubrey's son with a receipt for payment of back wages, liquidated damages, employment benefits, or other compensation from the United States Department of Labor Wage and Hour Division. The defendants told Aubrey's son that he had to sign the receipt and receive the accompanying check on Aubrey's behalf. Aubrey's son signed the receipt and received a check made out to Aubrey in the amount of $247.39. Aubrey's son gave the check to Aubrey and repeated to her the defendants' statements.

## II.

First, the defendants argue that this action must be dismissed pursuant to Rule 12(b)(1), which provides for dismissal based on a lack of subject-matter jurisdiction, because Aubrey's claims are mooted by a prior settlement. The defendants say that Aubrey voluntarily entered into a settlement of her claims under the FLSA in exchange for monetary payment, the amount of which was determined by the Department of Labor. Because Aubrey accepted the money and signed the Department of Labor receipt, which included a waiver of the right to bring suit, the defendants argue that her claims are moot and this Court lacks subject-matter jurisdiction. The FLSA provides in pertinent part that an employee who agrees to accept a payment for overtime compensation supervised by the Department of Labor waives her right, upon payment in full, to bring a private cause of action in court. 29 U.S.C. § 216(c)

But when an employer has grounds to believe that an employee executed a valid waiver, it should raise the waiver defense through a Rule 12(b)(6) motion or a Rule 56 motion, rather than a Rule 12(b)(1) motion. *See Flores v. ACT Event Servs.*, No. 3:14-CV-2412-G, 2015 WL 567960 (N.D. Tex. Feb. 11, 2015). Such a waiver "is a contract-based affirmative defense, and an

affirmative defense does not strip a court of its subject-matter jurisdiction." *Downing v. Riceland Foods, Inc.*, 298 F.R.D. 587, 590 (E.D. Mo. 2014). The defendants' assertion that Aubrey's FLSA claims are barred under section 216(c) challenges the validity of the FLSA claims, rather than the court's jurisdiction over the subject matter. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."); *see also Min Fu v. Hunan of Morris Food Inc.*, Civ. No. 12-0587 (KM), 2013 WL 5970167, at *4 (D.N.J. Nov. 6, 2013) (applying the rule in *Arbaugh* to 29 U.S.C. § 216(c)). Therefore, there is no basis for dismissal under Rule 12(b)(1).

### III.

Second, the defendants argue that the first amended and substituted complaint does not state a claim under the FLSA or the Arkansas Minimum Wage Act. They argue that a complaint must do more than allege that an employer failed to pay overtime. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court accepts as true all of the factual allegations contained in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusions, or a formulaic recitation of the

elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

The FLSA requires employers to pay non-exempt employees at overtime rates for time worked in excess of forty hours per week. 29 U.S.C. § 207(a). The Eighth Circuit has not addressed the level of detail required to plead a substantive cause of action for overtime violations under the FLSA, but it has recognized that other circuits have arrived at "somewhat variable conclusions." *See Ash v. Anderson Merch., LLC*, 799 F.3d 957, 962 (8th Cir. 2015); *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017); *cf. Davis v. Abington Mem. Hosp.*, 765 F.3d 236, 242-43 (3d Cir. 2014); *Landers v. Quality Commc'n, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014); *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 88 (2d Cir. 2013); *Pruell v. Caritas Christi*, 678 F.3d 10, 13-15 (1st Cir. 2012); *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763-64 (11th Cir. 2008).

Aubrey alleges that the defendants qualify as employers under the FLSA; she alleges that she was employed by the defendants; she alleges that her job duties involved interstate activity; she describes her job duties; she alleges that she was not paid more than $455 a week nor more than $100,000 a year; she alleges that she worked in excess of forty hours per week "always or almost always"; she alleges that the defendants knew she was working overtime because they were the ones requiring her to do so; and she alleges the defendants did not pay her at an overtime rate to compensate her for the excess hours. These factual allegations are enough to overcome a motion to dismiss claims under the FLSA. *See Drake v. Steak N Shake Operations, Inc.*, No. 4:14-CV-1535-JAR, 2015 WL 4425979 at *2 (E.D. Mo. July 17, 2015); *Williams v. Cent. Transport Intern., Inc.*, No. 4:13-CV-2009 (CEJ), 2014 WL 1344513 at *3 (E.D. Mo. Apr. 4, 2014). Because the FLSA and Arkansas Minimum Wage Act impose similar overtime requirements, and claims brought under parallel provisions of the acts should be interpreted similarly, the complaint adequately alleges

a claim under the Arkansas act as well. *See Carter v. Primary Home Care of Hot Springs, Inc.*, 2015 WL 11120564 at *1 (W.D. Ark. May 14, 2015); Ark. Code Ann. § 11-4-218(f).

In addition, the defendants argue that Aubrey's AMWA claim must be dismissed pursuant to Rule 12(b)(6) because it is duplicative of her FLSA claim and therefore preempted. Document #17 at 7-8. The Eighth Circuit has not addressed whether the FLSA provides an exclusive remedy for violations of its provisions. *See Montize v. Pittman Props. Ltd. P'ship*, 719 F. Supp. 2d 1052, 1055-56 (W.D. Ark. 2010). "[T]he FLSA does not generally preempt state law claims in a given case." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 886 (N.D. Iowa 2008). Its savings clause specifically permits states to provide employees greater protections. 29 U.S.C. § 218(a). The AMWA provides no greater overtime protections than the FLSA; rather, the overtime protections it affords are equal to those afforded under the FLSA. *See Helmert v. Butterball, LLC*, 805 F. Supp. 2d 655, 663 n.8 (E.D. Ark. 2011).

The Fourth Circuit and district courts outside this circuit have held that the FLSA preempts state law claims when they are merely duplicative of FLSA claims. *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193 (4th Cir. 2007) (collecting cases). Nevertheless, the State of Arkansas, mindful of the FLSA's status, has provided an additional remedy. Without a clear indication from Congress of its intent to preempt state law, this Court will follow the other district courts in this circuit holding that the FLSA does not provide an exclusive remedy for violations of its provisions. *See Montize*, 719 F. Supp. 2d at 1056 (holding that state law may offer an alternative legal basis for equal or more generous relief for the same alleged wrongs); *Cortez v. Nebraska Beef, Inc.*, 266 F.R.D. 275, 282-84 (D. Neb. 2010) (holding that FLSA did not preempt claim under Nebraska wage and hour laws); *Robertson v. LTS Mgmt. Servs. LLC*, 642 F. Supp. 2d 922, 927-28 (W.D. Mo. 2008) (holding that FLSA did not preempt claim under Missouri wage and hour laws); *Bouaphakeo*, 564 F. Supp. 2d

at 886 (holding that preemption only occurs when the state law benefits are less than the FLSA benefits). Aubrey's AMWA claim is not preempted.

## IV.

Third, the defendants argue that the complaint must be dismissed pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. Aubrey alleges that the defendants are liable for their predecessor's failure to compensate her for overtime under the theory of successor liability, but Aubrey does not name the predecessor as a defendant. *See* Document #14 at 5, ¶¶ 29-35. Rule 19(a) defines a required party and Rule 19(b) provides factors for the Court to consider in order to determine whether dismissal is compulsory when it is not feasible to join a required party. Rule 19(a)(1) provides that if feasible a party is required to be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). The defendants' predecessor is not a required party because the first amended and substituted complaint alleges that the defendants are liable for the predecessor's conduct.

Ordinarily, when a corporation sells all of its assets to another, the purchasing corporation is not responsible for the seller's liabilities unless the purchaser expressly or impliedly agrees to assume the obligations, the purchaser is a continuation of the selling corporation, or the transaction is entered into so that the seller can escape liability. *See, e.g.*, *Grand Labs., Inc. v. Midcon Labs.*, 32 F.3d 1277, 1281 (8th Cir. 1994). However, federal courts apply a federal common law

successorship doctrine to the FLSA that broadens the scope of state-law successor liability. *See Teed v. Thomas & Betts Power Solutions, LLC*, 711 F.3d 763, 767 (7th Cir. 2013); *Paschal v. Child Dev., Inc.*, No. 4:12-CV-0184 KGB, 2014 WL 55179 at *5 (E.D. Ark. Jan. 7, 2014).

Here, the complaint alleges successor liability. This doctrine applies to the FLSA and it is clear that Aubrey intends to invoke the doctrine to hold the defendants liable for the unlawful conduct of its predecessor. Aubrey filed this action on July 11, 2017, and amended the complaint to include allegations of successor liability on September 28, 2017. Neither the joinder of the predecessor nor dismissal pursuant to Rule 12(b)(7) is warranted at this stage in the litigation. *See Comer v. DIRECTV, LLC*, No. 2:14-CV-1986, 2016 WL 852027 at *4 (S.D. Ohio March 4, 2016) (declining to dismiss action pursuant to Rule 12(b)(7), even though plaintiffs failed to specifically allege that employer should be liable for FLSA violations of its predecessor).

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is DENIED. Document #16.

IT IS SO ORDERED this 8th day of November, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE