# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

VICKIE AUBREY and                                                                           PLAINTIFFS
HAMZA ALMARZOOQ

v.                                              No. 4:17CV00446 JLH

ZAMAM, LLC; and SYED HUSSAIN                                                                DEFENDANTS

## ORDER

The plaintiffs brought this case under the Fair Labor Standards Act and the Arkansas Minimum Wage Act. This Court has entered judgment in favor of the plaintiffs in the total amount of $47,819.42 in unpaid wages and liquidated damages. The plaintiffs have now filed a motion for costs and attorneys' fees. In that motion, they seek attorneys' fees in the total amount of $38,746.25. They also seek costs and expenses in the amount of $559.74.

The fee request is the result of the application of the traditional lodestar system. The plaintiffs show a total time of 219.95 hours resulting in a statement of fees totaling $46,701.25. After the plaintiffs have applied their own reductions to the time claimed, the amount is reduced to 184.55 hours totaling, as noted, $38,746.25. The components of the fee request are 19.75 hours for Josh Sanford at the rate of $325 per hour for a total of $6,418.75; 118.30 hours for Lydia Hamlet at the rate of $175 per hour for a total of $20,702.50; and 46.50 hours for Vanessa Kinney at the rate of $250 per hour for a total of $11,625.00.

The starting point for determining the amount of reasonable fees is the lodestar, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). In determining the lodestar, a court may consider such factors as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 430 n.3, 103 S. Ct. at 1937 n.3.

The initial issue is whether the hourly rates are reasonable. "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1047 (8th Cir. 2001)). In other cases, this Court has found the prevailing market rate in this locality to be $275 per hour for partners and $225 per hour for associates with experience equal to or greater than the lawyers here. Based on the same factors, the Court determines that the reasonable hourly rate for Josh Sanford is $275, for Vanessa Kinney $225, and for Lydia Hamlet $175. The time claimed is reasonable. Multiplying the hourly rate times the time claimed for each of the three lawyers produces the following:

| | | |
|---|---|---|
| Josh Sanford | @ $275 per hour x 19.75 hours = | $5,431.25 |
| Vanessa Kinney | @ $225 per hour x 46.50 hours = | $10,462.50 |
| Lydia Hamlet | @ $175 per hour x 118.30 hours = | $20,702.50 |
| TOTAL | | $36,596.25 |

This calculation gives us the lodestar figure.

This determination of the lodestar figure "includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566, 106 S. Ct. 3088, 3098, 92 L. Ed. 2d 439 (1986)). Consequently,

2

"there is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 552 U.S. at 554, 130 S. Ct. at 1673.

Here, the record indicates that the defendants have left the country. Consequently, collecting on the judgments is likely to be more difficult than in the ordinary case. Therefore, the Court has decided to increase the fee award by ten percent. The lodestar figure will be enhanced by ten percent or $3,659.63, resulting in total attorneys' fees of $40,255.88.

Costs in the amount of $559.74 also are awarded. The result is a total award of fees and costs in the amount of $40,815.62.

IT IS SO ORDERED this 29th day of November, 2018.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE